UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------x

COLEENIA GRANT,

                  Plaintiff,

   -against-

PEXIE ENTERPRISES, INC., and
CARL A. LASHLEY,

                Defendants.

--------------------------------------------------x

**MEMORANDUM AND ORDER**

13-CV-3584 (FB) (LB)

*Appearances:*
*For the Plaintiff:*
ALEX UMANSKY
Phillips & Associates, PLLC
30 Broad Street, 35th Floor
New York, NY 10004

*For the Defendants:*
FREDERICK K. BREWINGTON
556 Peninsula Boulevard
Hempstead, NY 11550

**BLOCK, Senior District Judge:**

On May 23, 2014, defendants Pexie Enterprises, Inc., and Carl A. Lashley (collectively, "defendants") moved to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that they are not "employers" under Title VII of the Civil Rights Act.[1] *See* 42 U.S.C. § 2000e ("The term 'employer' means a person

---

[1] Defendants also moved to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). However, "[t]he threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief, not a jurisdictional issue." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516 (2006). Accordingly, the Court will consider defendants' motion as a motion to dismiss pursuant to Rule 12(b)(6).

engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year."). In support of their motion, defendants submitted various federal and state tax returns, which they contend establish that they employed less than fifteen employees at all times relevant to this action. *See* Docket Entry No. 49-4 ("Exhibits A-E").

As a general rule, a district court considering a motion to dismiss pursuant to Rule 12(b)(6) "must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference," in addition to "matters of which judicial notice may be taken." *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991). Where, as here, the moving party submits extrinsic evidence in support of a Rule 12(b)(6) motion, a district court may only consider that evidence by treating the motion as one for summary judgment under Rule 56 and by giving "[a]ll parties . . . a reasonable opportunity to present all the material that is pertinent to the motion." FED. R. CIV. P. 12(d); *see also Groden v. Random House, Inc.*, 61 F.3d 1045, 1052 (2d Cir. 1995) ("A district court may not convert a motion under Fed. R. Civ. P. 12(b)(6) into a Rule 56 motion for summary judgment without sufficient notice to an opposing party and an opportunity for that party to respond.").

Accordingly, the Court hereby informs the parties that it intends to treat

defendants' motion to dismiss as a motion for summary judgment under Rule 56.  By February 9, 2015, the parties shall submit to the Court all pertinent materials directed to the question of whether defendants fall within the statutory definition of "employer" under Title VII of the Civil Rights Act.  *See* 42 U.S.C. § 2000e; *see also Perry v. Manocherian*, 675 F. Supp. 1417, 1425 (S.D.N.Y. 1987) ("[T]o maintain an action [under Title VII], plaintiffs must establish that defendants fall within the statutory definition of employer.").

        **SO ORDERED.**

/s/ Frederic Block      
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
January 8, 2015

3