```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
COLEENIA GRANT,

                Plaintiff,
     -against-
                                            **MEMORANDUM AND ORDER**
PEXIE ENTERPRISES, INC., and                13-CV-3584 (FB) (LB)
CARL A. LASHLEY,

                Defendants.
---------------------------------------------------x
```

*Appearances:*
*For the Plaintiff:*           *For the Defendants:*
ALEX UMANSKY                   FREDERICK K. BREWINGTON
Phillips & Associates, PLLC    556 Peninsula Boulevard
30 Broad Street, 35th Floor    Hempstead, NY 11550
New York, NY 10004

**BLOCK, Senior District Judge:**

   Plaintiff Coleenia Grant ("Grant") brings this action against Pexie Enterprises, Inc. ("Pexie"), the corporate owner and operator of a Subway franchise in Queens, New York, and Carl A. Lashley ("Lashley"), the owner of Pexie (collectively, "Defendants"). Grant alleges gender discrimination in violation of Title VII of the Civil Rights Act ("Title VII") and New York City Human Rights Law ("NYCHRL") § 8-107, as well as various state law tort claims. Defendants have counterclaimed, alleging the state law torts of malicious prosecution and abuse of process.

Defendants now move for summary judgment on Grant's Title VII claim on the grounds that they are not "employers" under Title VII. In addition, Grant cross-moves to dismiss Defendants' counterclaims for failure to state a claim. For the reasons that follow, the Court grants Defendants' motion and dismisses Grant's federal claim. Because the Court declines to exercise supplemental jurisdiction over the remaining state law claims, Grant's motion is denied as moot.

**I.**

The parties agree that Grant worked for Pexie as a "sandwich artist" for approximately one week in 2012, but what happened during that week is sharply disputed. Grant alleges that Lashley, her boss at Pexie, engaged in a pattern of sexual harassment and hostile behavior which ultimately forced her to report him to the police and resign from her job. Defendants deny these allegations and counter that Grant knowingly made false assertions – both in her complaint and to the police – in order to defame Lashley and extort money from him.

Grant filed this lawsuit on June 25, 2013. On May 23, 2014, Defendants moved to dismiss Grant's federal claim on the grounds that they employed less than fifteen employees at all relevant times and so are not subject to liability under Title VII. *See* 42 U.S.C. § 2000e(b) ("The term 'employer' means a person . . . who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the

current or preceding calendar year."). In support of their motion, Defendants submitted (1) an affidavit from Lashley stating that he has never employed fifteen or more employees at one time, and (2) quarterly federal and New York State tax returns for 2012 and 2013, which demonstrate that Pexie employed no more than ten employees during any one quarter of 2012 or 2013.

On January 8, 2015, the Court notified the parties that it was converting Defendants' motion to dismiss into a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(d), and ordered the parties to submit "all pertinent materials directed to the question of whether defendants fall within the statutory definition of 'employer' under Title VII." *See* Mem. & Order, Docket Entry No. 51 (Jan. 8, 2015), at 3. Defendants thereafter submitted a payroll summary and chart listing all persons employed by Pexie from June to December of 2012, which demonstrate that Pexie employed no more than eight employees per month during this period. Grant has submitted no evidence in opposition to either the motion to dismiss or the converted motion for summary judgment.

## II.

A court may grant summary judgment only if "there is no genuine dispute as to any material fact and . . . the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). An issue of fact is genuine "if the evidence is such that a reasonable

jury could return a judgment for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Defendants' federal and state tax returns clearly establish that Pexie employed no more than ten employees at any given time during 2012, the year in which Grant worked for Pexie. Nevertheless, Grant argues that summary judgment is inappropriate because Defendants have offered no evidence about how many employees they had in 2011, thus failing to establish that they had less than fifteen employees during "the current *or preceding* calendar year." 42 U.S.C. § 2000e(b) (emphasis added).

This argument is unavailing. Grant bears the burden of establishing Title VII's employee-numerosity requirement at trial, not Defendants. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516 (2006) ("[T]he threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief."). When the nonmoving party bears the burden of proof at trial, "the burden on the moving party may be discharged by 'showing' – that is pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *PepsiCo, Inc. v. Coca-Cola Co.*, 315 F.3d 101, 105 (2d Cir. 2002) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). This showing can be made either by "point[ing] to evidence that negates [the] opponent's claims" or by "identify[ing] those portions of [the] opponent's evidence that demonstrate the absence of a genuine issue of material fact." *Salahuddin v. Goord*, 467 F.3d 263, 272-73 (2d Cir. 2006).

Defendants' evidentiary submissions are sufficient to show an absence of evidence to support Grant's Title VII claim. While Defendants have concededly offered no tax return data from 2011, they have submitted an affidavit from Lashley, who states that "[a]t no time during my ownership of the Subway Restaurant have I employed more than fifteen employees" and that "[t]he abovementioned Subway Restaurant has never . . . employed fifteen or more employees at one time." Decl. of Carl A. Lashley, Docket Entry No. 45-3 (May 23, 2014), ¶¶ 2,3. This affidavit – when considered in combination with the tax return data – suffices to shift the burden of establishing a triable issue of fact to Grant. *See Feldman v. Sanders Legal Grp.*, 914 F. Supp. 2d 595, 600 (S.D.N.Y. 2012) (holding that defendant's affidavit stating that he was not a "debt collector" under the Fair Debt Collection Act, taken in conjunction with memorandum of law noting plaintiff's lack of evidence regarding defendant's "debt collector" status, was sufficient to shift summary judgment burden to plaintiff).

Grant has been on notice that Defendants were contesting their Title VII "employer" status since at least December 24, 2013, when Defendants requested a pre-motion conference regarding their anticipated motion to dismiss. She therefore had ample opportunity to obtain evidence regarding Defendants' "employer" status prior to the close of discovery on May 14, 2014. Accordingly, her failure to offer any evidence establishing a triable issue of fact as to Defendants' liability under Title VII warrants summary judgment in Defendants' favor. *See Celotex Corp.*, 477 U.S. at 322

5

("[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.").

### III.

Having dismissed the sole federal claim, the Court must decide whether to exercise supplemental jurisdiction over the remaining state law claims and counterclaims. *See* 28 U.S.C. § 1367(c) (district court "may decline to exercise supplemental jurisdiction over a claim" if, *inter alia*, "the district court has dismissed all claims over which it has original jurisdiction"). The Second Circuit has identified several factors to be considered in determining whether to exercise supplemental jurisdiction, including (1) "the doctrine of preemption," (2) "judicial economy, convenience, fairness, and comity," (3) the existence of "novel or unresolved questions of state law," and (4) "the state's interest in the administration of its government." *Valencia v. Lee*, 316 F.3d 299, 305-306 (2d Cir. 2003) (internal quotation marks and citations omitted). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* at 305 (quoting *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

Here, none of the factors elucidated by the Second Circuit counsel in favor of

retaining supplemental jurisdiction. First, Grant's remaining discrimination claims are asserted under the NYCHRL, which "sets out a different, more liberal standard [than] Title VII," *Vuona v. Merrill Lynch & Co.*, 919 F. Supp. 2d 359, 393 (S.D.N.Y. 2013), and which must be construed "broadly in favor of discrimination plaintiffs, to the extent that such a construction is reasonably possible." *Albunio v. City of New York*, 16 N.Y.3d 472, 477-78, 947 N.E.2d 135, 137 (2011). Comity therefore suggests that state courts should resolve these local law claims. *See, e.g., Thomas v. City of New York*, 953 F. Supp. 2d 444, 462 (E.D.N.Y. 2013) (declining to exercise supplemental jurisdiction over NYCHRL claims in the interest of comity). Second, while discovery in this case has been completed, it does not appear that any further discovery would need to be conducted if the state law claims were litigated in state court. *See Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 255 (S.D.N.Y. 2005) (declining to exercise jurisdiction over state law claims after the close of discovery where there was no indication that discovery would need to be repeated in state court).

Accordingly, both Grant's and Defendants' state law claims are dismissed, without prejudice to refiling in state court. Grant's motion to dismiss Defendants' counterclaims is therefore denied as moot.

## IV.

For the foregoing reasons, Defendants' motion for summary judgment is granted and Grant's Title VII claim is dismissed with prejudice. The remaining state law claims

7

are dismissed without prejudice to renewal in state court. The complaint is accordingly dismissed in its entirety and the Clerk of the Court is directed to close this case.

**SO ORDERED.**

/s/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
March 13, 2015